SAMUEL TEITELBAUM, Respondent, *v.* EMPIRE BOTTLING WORKS, Appellant.

(Supreme Court, Appellate Term, First Department, May, 1917.)

Bill of particulars — Municipal Court Code, §§ 15, 78(7) — failure to comply with demand for bill of particulars does not preclude giving of testimony — order upon notice necessary — meaning of "motion or notice."

A party failing to comply with a demand for a bill of particulars may not be precluded from giving evidence in support of his claim or counterclaim by an objection based upon the ground of his failure to comply with such demand.

Though under section 78(7) of the Municipal Court Code a demand for a bill of particulars is necessary, the party failing to comply with such demand cannot be precluded from giving testimony in support of his claim or counterclaim unless the court has made an order to that effect, and such an order must be obtained upon "motion or notice."

The words "motion or notice" are synonymous and in order to assimilate as nearly as possible the practice in the Municipal Court in the city of New York with that in the Supreme Court, the legislative intent as indicated by section 15 of the Municipal Court Code, such words should be construed as meaning "motion on notice" or at least as requiring a notice of motion before an order of preclusion can be granted.

Plaintiff in a Municipal Court action to recover a balance due for wages upon filing a bill of particulars demanded a bill of particulars of a counterclaim but none was ever served or filed and several adjournments were taken to enable the defendant to file the bill demanded. Upon plaintiff's objection the trial judge refused to permit defendant to offer proof as to the counterclaim on the ground that it appeared that a proper and timely demand therefor had not been complied with. *Held,* that such ruling was erroneous and that, as at the close of the trial the case stood as if no counterclaim had been interposed, a judgment in plaintiff's favor which included costs taxed upon the amount of the counterclaim should be modified by striking out the amount of such costs and, as so modified, affirmed, and case remitted for trial of counterclaim.

Appellate Term, First Department, May, 1917. [Vol. 100.

Motion for reargument. Appeal by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, rendered in favor of the plaintiff and from an order denying a motion to vacate the judgment and also from an order directing the taxation of costs.

Samuel I. Goldberg, for appellant.

Morris Levy, for respondent.

Guy, J. There were no written pleadings in this case. The summons was indorsed "Complaint. Money had and received. Wages and damages for breach of contract for employment." The defendant's notice of appearance was indorsed "Answer. General denial. Demand. Bill of Particulars. Counterclaim $200." The plaintiff filed a bill of particulars. He demanded a bill of particulars of the defendant's counterclaim, but none was ever served or filed. The case was adjourned one or more times, for the purpose, as claimed by plaintiff, of enabling the defendant to file a bill. Plaintiff claimed a balance due him for wages earned and has recovered a judgment for the sum of forty-seven dollars and fifty cents and the appellant makes no claim as to the correctness and validity of this judgment. Costs and disbursements to the amount of three dollars and ninety-one cents were originally taxed upon the judgment, but upon a motion of the plaintiff's attorney these costs were increased by the sum of twenty dollars that amount being taxed upon the defendant's counterclaim, thus making the entire judgment amount to seventy-one dollars and forty-one cents.

The controversy in the case is over the refusal of the trial justice to permit the defendant to offer proof

upon his counterclaim, and the right of the plaintiff to tax costs thereon, the same not having been passed upon by the lower court.

Upon the trial and when the defendant proposed to offer testimony to support his counterclaim, upon objection of the plaintiff's attorney, the court excluded such proof, upon the ground that it appeared that a demand for a bill of particulars had been properly and in due time made upon the defendant, and had not been complied with, the court holding that under such circumstances the defendant was precluded from giving testimony in its support.

The right to exclude testimony upon this counterclaim depends upon the construction to be given to section 78, subdivision 7 of the Municipal Court Code. That section provides that a bill of particulars must be filed within three days after demand therefor, and further declares that " the court upon motion or notice may preclude the party failing to file such bill of particulars from giving any evidence of the part or parts of his affirmative allegation of which particulars have not been filed. The court may order a written bill of particulars, with or without verification, to be furnished, etc." Under this section a demand for a bill of particulars is necessary, but the party failing to comply with such demand cannot be precluded from giving testimony in support of his claim or counterclaim unless the court has made an order to that effect and the requirement of the statute is that this order must be obtained upon " motion or notice." The words upon " motion or notice," are synonymous and in order to assimilate as nearly as possible the practice in the Municipal Court to that in the Supreme Court, which was the intent of the legislature as indicated in section 15 of the Municipal Court Code, the language of the section

should be construed as meaning " motion on notice,"
or at least as requiring a notice of motion before an
order of preclusion can be granted.    This would
make the practice similar to that under section 531
of the Code of Civil Procedure so far as obtaining an
order of preclusion is concerned.    It might very well
be that a party could claim that his adversary was
not entitled to a bill of particulars, and therefore
refuse to comply with the demand, and this question
should be determined upon proper notice before trial.
The legislature never intended that a party failing
to comply with a demand for a bill of particulars
should be precluded from giving evidence in support
of his claim or counterclaim by the interposition of
an objection based upon that ground.    It also was
error to re-tax the costs upon the counterclaim, under
the circumstances of this case.    It is true that a
counterclaim was " interposed " by the defendant,
and section 164, subdivision 2, permits a plaintiff to
tax costs upon a counterclaim " interposed " by the
defendant if it is greater in amount than the plaintiff's
claim, and he recovers judgment.    This was intended
to discourage the interposition of invalid counter-
claims and those which the defendant failed to estab-
lish, but in the case at bar the counterclaim was
not passed upon by the court, no reference being
made to it in the judgment, and the defendant was
prevented from giving any testimony in its support
by the objections of the plaintiff.    The case stood at
the end of the trial as though no counterclaim had
been interposed, the defendant being precluded from
proving it and the court refusing to entertain it.

Upon reargument order for re-taxation of costs
reversed, and the judgment modified by reducing the
amount of the recovery to the sum of forty-seven
dollars and fifty cents and three dollars and ninety-

one cents costs and, as so modified, affirmed, without costs, and the case remitted to the lower court for trial upon the counterclaim without costs of this appeal, the judgment of one party to be set off against that of the other.

Cohalan and Delehanty, JJ., concur.

Judgment modified, and, as so modified, affirmed, without costs.